[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14585
Non-Argument Calendar
_____

Agency No. A208-921-365


MARIUS VADUVA,
ALINA VADUVA,
VALENTINO CONSTANTIN,
ALEX VADUVA,
DENIS VADUVA,
FABIO VADUVA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 28, 2020)

Before JILL PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioners Marius Vaduva and Alina Vaduva, along with their four children, (together, the "Vaduvas") petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to terminate removal proceedings.[1] After the Vaduvas entered the United States without inspection, the Department of Homeland Security issued them notices to appear, alleging that they were subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i).  None of the notices identified the time, date, or location of the removal hearings proceedings.

The Vaduvas now argue the BIA erred in denying their motion to terminate proceedings.  They say that the agency lacked jurisdiction over their removal proceedings under the reasoning of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because their notices to appear failed to set forth the time and place of their removal hearings.  Because this argument is foreclosed by our precedent, we deny their petition.[2]

---

[1] In the same order, the BIA also affirmed the IJ's decision denying the Vaduvas' application for asylum, Marius's application for withholding of removal, and Marius's application for protection under the Convention Against Torture.  The Vaduvas do not seek review of this portion of the BIA's order, and we do not address it further.

[2] We review *de novo* the BIA's legal determinations and interpretations of law or statutes. *See Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006).

The Immigration and Nationality Act ("INA") provides that an immigration judge shall conduct proceedings to determine whether a noncitizen is removable from the United States.  8 U.S.C. § 1229a(a)(1).  The statute does not explicitly state the conditions upon which jurisdiction vests with an immigration judge, but regulations provide that "[j]urisdiction vests . . . when a charging document is filed with the Immigration Court."  8 C.F.R. § 1003.14(a).  A notice to appear is a type of charging document.  *Id.* § 1003.13.  By statute, a notice to appear must specify, among other things, the time and place at which a removal hearing will be held. 8 U.S.C. § 1229(a)(1)(G)(i).  But under the regulatory framework, a notice to appear is not required to specify the time or place of the removal hearing.  *See* 8 C.F.R. § 1003.15(b), (c).[3]

In *Pereira*, the Supreme Court addressed when a noncitizen was eligible for cancellation of removal, a type of discretionary relief available to nonpermanent residents who have accrued 10 years of continuous physical presence in the United States.  138 S. Ct. at 2109.  The Court considered whether the INA's stop-time rule, which specifies that a noncitizen's period of physical presence is deemed to end when he is served with a notice to appear, applied when the notice to appear

---

[3] The regulations specify that a notice to appear shall include time and place information for the removal hearing "where practicable."  8 C.F.R. § 1003.18(b).  When a notice omits this information, the regulations permit an immigration judge to later provide the information to the noncitizen.  *Id.*

that the noncitizen received failed to specify the time and place of the removal hearing. *Id.* at 2109–10. The Supreme Court reasoned that a "putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." *Id.* at 2113–14 (quoting 8 U.S.C. § 1229b(d)(1)).

Although the Supreme Court in *Pereira* stated that it was deciding only a "narrow question" about an eligibility requirement for cancellation of removal, it acknowledged that the flaw present in the case—the failure to specify the time or place of the removal hearing—was present in nearly every notice to appear that had been issued in recent years. *Id.* at 2110–11. After *Pereira*, some noncitizens, like the Vaduvas, asserted that their removal proceedings were void because their proceedings were purportedly commenced by a "putative notice to appear" that was "not a notice to appear under section 1229(a)." *Id.* at 2113–14 (internal quotation marks omitted).

We have considered whether a notice to appear that failed to state the time and date of a noncitizen's hearing deprived the agency of jurisdiction over the removal proceedings. *See Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1150 (11th Cir. 2019). We determined that such a notice to appear was "unquestionably deficient" under § 1229(a). *Id.* at 1153. And we reasoned that *Pereira* foreclosed any argument that this statutory defect in the notice could be cured by a subsequent

4

notice that informed the noncitizen of the time and date of the removal hearing. *Id.* at 1153–54.

We nonetheless held in *Perez-Sanchez* that a defective notice to appear did not deprive the agency of jurisdiction over the removal proceedings because the statutory "time-and-place requirement" did not "create a jurisdictional rule," but instead set forth a "claim-processing rule." *Id.* at 1154–55. We also considered whether the immigration judge lacked jurisdiction under 8 C.F.R. § 1003.14. *Id.* at 1154. We questioned whether the regulation, which purported to set forth when immigration proceedings commenced, should be given effect, because it was contrary to the unambiguous language in the statute. *Id.* But even assuming the statute was ambiguous and the regulation should be given effect, we determined that the outcome remained the same because the regulation "set[] forth only a claim-processing rule." *Id.* at 1155–57. Even though the regulation expressly referred to the vesting of jurisdiction in the agency, we held that it was not a jurisdictional rule because agencies cannot set or limit their own jurisdiction. *Id.* at 1155. Because neither 8 U.S.C. § 1229(a) nor 8 C.F.R. § 1003.14 spoke to jurisdiction, we concluded that "the IJ and the BIA properly exercised jurisdiction over [the petitioner's] removal hearing" based on the authority conferred under the INA, even though the petitioner received a defective notice to appear, and denied the petition as to the *Pereira* claim. *Id.* at 1157.

Our decision in *Perez-Sanchez* forecloses the Vaduvas' argument that the agency lacked jurisdiction over their removal proceedings.  Because the requirement that a notice to appear include time and place information is a claim-processing, rather than jurisdictional, rule, we cannot say that the BIA erred when it denied their motion to terminate removal proceedings.  Accordingly, we deny their petition for review.

**PETITION DENIED.**